# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON SOLOMON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:17-cv-01763-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND AWARDING ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT<br><br>(ECF Nos. 24, 26, 27) |

Plaintiff Sharon Solomon ("Plaintiff") filed this action seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits pursuant to the Social Security Act. On December 6, 2018, an order issued granting in part Plaintiff's Social Security appeal and remanding the matter for further administrative proceedings. On March 4, 2019, Plaintiff filed a motion for attorney fees. Defendant filed an opposition on March 29, 2019. Plaintiff filed a reply on April 5, 2019.

**I.**

**LEGAL STANDARD**

A party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses under the Equal Access to Justice Act ("EAJA"), , 28 U.S.C. § 2412(d). <u>Flores v. Shalala</u>, 49 F.3d 562, 566, (9th

Cir. 1995). In pertinent part, the EAJA states,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1).

The EAJA defines a party as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. . . ." 28 U.S.C. § 2412(d)(2)(B). Fees and expenses include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case. Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 8 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)). The Court is required to provide a concise but clear explanation for the reasons for the fee award. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). Hours that are inadequately documented and hours that were not reasonably expended may reduce the fee award. Id. at 1146.

Fee shifting under EAJA is not mandatory. Flores, 49 F.3d at 567. Attorneys' fees and expenses are not awarded under EAJA where the government's position was substantially justified. Id. "A position is 'substantially justified' if it has a 'reasonable basis in law and fact.'" Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001) see Ibrahim v. U.S. Dep't of Homeland Sec., 912 F.3d 1147, 1167 (9th Cir. 2019) (quoting Cinciarelli v. Reagan, 729 F.2d 801, 806 (D.C. Cir. 1984)) ("the burden is on the government to show that its litigation position was substantially justified on the law and the facts.") The government must establish first, whether the underlying conduct of the ALJ was "substantially justified" and second, that its litigation position defending the ALJ's error was "substantially justified." Gutierrez, 274 F.3d at 1259. As the Ninth Circuit described:

> Substantial justification does not mean "justified to a high degree," but simply entails that the government must show that its position meets the traditional reasonableness standard-that is "justified in substance or in the main," or "to a degree that could satisfy a reasonable person."

Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998).

Under EAJA, attorney fees are capped at $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); Sorenson, 239 F.3d at 1145.

## II.

## DISCUSSION

In the motion for attorney fees, Plaintiff is seeking $4,673.76 for 30.30 attorney hours spent litigating this action. (ECF No. 24 at 6-7.) Defendant opposes Plaintiff's motion arguing that the position of the agency and the Government's litigation position were both substantially justified. In her reply, Plaintiff seeks an additional 5.25 hours for time spent preparing the reply to Defendant's opposition to the motion for attorney fees. (ECF No. 27 at 7.) In total, Plaintiff is seeking $7,157.26 for counsel's time expended in this action. (ECF No. 28 at 1.)

"An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257. Here, Plaintiff is a prevailing party as this action has been remanded to the Commissioner for further proceedings.

### A.  Substantial Justification

Defendant contends that the ALJ gave several reasons to discount Plaintiff's pain testimony that were in accord with the requirements of 20 C.F.R. § 416.929 and explained why he found Plaintiff's testimony to not be credible. Defendant further argues that the reasons cited by the Court to remand the action rather than award benefits demonstrate that the ALJ's findings had a reasonable basis in fact. Defendant's position is that this case was remanded based on the ALJ's deficiency in articulation; and therefore, the Court should find that the agency and litigation position were substantially justified and deny an award of attorney fees. Plaintiff

replies that as the ALJ's opinion was clearly inadequate, the Commissioner's position was not supported by substantial evidence, and the Commissioner does not address that the Court also found that the ALJ failed to provide reasons for the rejection of the third-party witness statement.

"Substantial justification" requires that the position of the government' must have a reasonable basis in both law and fact. Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013). The Government's position includes both the litigation position and the underlying agency action that gives rise to the civil action. Meier, 727 F.3d at 870; Gutierrez, 274 F.3d at 1259. The decision of the ALJ is the agency decision that is considered in determining if it the position was substantially justified. Meier, 727 F.3d at 870-72. Therefore, the Court is to look at the ALJ's decision to determine if the agency action was substantially justified. Id. at 872. The Court considers if the position of the Government, as a whole, was substantially justified. Gutierrez, 274 F.3d at 1259. Finally, "[t]hat the government lost (on some issues) does not raise a presumption that its position was not substantially justified." Ibrahim, 912 F.3d at 1168.

The Ninth Circuit and other courts have held that a "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." Meier, 727 F.3d at 872 (citations omitted). The Court found here that the ALJ erred by failing to identify the activities that contradict Plaintiff's testimony regarding her daily activities and that the ALJ's finding that Plaintiff had improved with medication was not a clear and convincing reason to reject her symptom testimony.[1] (ECF No. 22 at 13-14.) The only remaining reason provided by the ALJ was inconsistency with the medical evidence which cannot provide the sole basis to discredit Plaintiff's symptom testimony. (Id. at 14-15.) Finally, the Court found that the ALJ failed to identify the lay witness statements that he found to be overstatements of Plaintiff's abilities. (Id. at 16-17.) In considering whether to award benefits or to remand for further proceedings, the Court did find significant evidence in the record to demonstrate that Plaintiff's pain is not as severe as she contends and that the record as a whole created serious doubt that she was in fact

---

[1] In her reply, Plaintiff noted that the motion incorrectly stated that there were three errors found as the Court did not specifically find an error occurred at step two. (ECF No. 27 at 6 n.2.)

1 disabled which is why remand to the agency was appropriate.  (Id. at 17.)

2 Defendant argues that the litigation position was substantially justified because the evidence supports the fact that Plaintiff was not disabled and the remand was due to deficiencies in the ALJ's articulation of his findings.  "[T]he policy goal of EAJA is to encourage litigants to vindicate their rights where any level of the adjudicating agency has made some error in law or fact and has thereby forced the litigant to seek relief from a federal court.  Li v. Keisler, 505 F.3d 913, 919 (9th Cir. 2007).  Here, the case law was clear at the time that the ALJ issued his opinion that the ALJ had not adequately articulated his reasons for finding Plaintiff not credible.  While an ALJ may reject a claimant's pain testimony by providing clear and convincing reasons, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir.1995)); see also Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("Because the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination.  This was legal error.").

The ALJ found that Plaintiff performed a wide range of daily activities but did not consider her testimony as to how those activities were performed.  (ECF No. 22 at 13.)  Additionally, the ALJ did not identify any activities that were inconsistent with Plaintiff's allegations of disabling pain.  (Id. at 14.)  The failure to provide legally adequate reasons for rejecting the testimony of the claimant and the third-parry witnesses was contrary to controlling law in this circuit.  Kirk v. Berryhill, 244 F.Supp.3d 1077, 1082 (E.D. Cal. 2017).  This was legal error and Plaintiff was required to file this appeal to seek relief.  Because the ALJ's error was clear when the appeal was filed, the Court finds that the Government's position was not substantially justified before this court.  See Li, 505 F.3 at 921 ("Because at least some flaws in the IJ's and BIA's orders were legal flaws at the time the case was before the Agency, and not due to some later legal or factual development, we cannot say that the government's position was substantially justified at all levels.); Kirk, 244 F.3d. at 1082 ("the ALJ did not apply the proper legal standard and the Commissioner was not substantially justified in defending the ALJ's

1  errors"); cf. Decker v. Berryhill, 856 F.3d 659, 665 (9th Cir. 2017) (not inevitable that remand
2  was required where new evidence was not accompanied by anything interpreting evidence and
3  remand was due to possibility that a different result could be reached).

4  The ALJ did not apply the proper legal standards and the Commissioner was not
5  substantially justified in defending the ALJ's errors. Therefore, the government's position in this
6  matter was not substantially justified.

7  **B.  Reasonableness of Attorney Fees**

8  The statute specifically provides for an award of reasonable attorney fees. 28 U.S.C.
9  2412(d)(2)(A). In determining reasonable attorney fees, the court uses the "lodestar" method in
10 which the number of hours reasonably expended on the litigation are multiplied by a reasonable
11 hourly rate. Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1135 (9th Cir. 2012) (citing
12 Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)); see also Comm'r, I.N.S. v. Jean, 496 U.S. 154,
13 161 (1990) ("once a private litigant has met the multiple conditions for eligibility for EAJA fees,
14 the district court's task of determining what fee is reasonable is essentially the same as that
15 described in Hensley"). " '[E]xcessive, redundant, or otherwise unnecessary' hours should be
16 excluded from a fee award, and charges that are not properly billable to a client are not properly
17 billable to the government." Kirk, 244 F.Supp.3d at 1082 (quoting Hensley, 461 U.S. at 434).

18 In this action, Plaintiff is seeking 30.30 hours for time spent litigating this action prior to
19 remand (ECF No. 24 at 8) and 5.25 hours for the reply to Defendant's opposition to the instant
20 motion (ECF No. 27 at 7). Plaintiff has provided a detailed time accounting for the time sought
21 in litigating this action. Defendant does not challenge the reasonableness of the hours sought in
22 litigating this action prior to remand.

23 Plaintiff filed the opening brief in this action that ultimately resulted in the action being
24 remanded. Having reviewed the documentation provided in the motion for attorney fees and
25 reply, the Court finds that 35.55 hours are a reasonable amount of time for litigating this action.
26 See Costa, 690 F.3d at 1137 ("Many district courts have noted that twenty to forty hours is the
27 range most often requested and granted in social security cases.").

28 Plaintiff is seeking the statutory maximum rate of $196.79 per hour for time spent in

2017 and $201.60 per hour for time spent in 2018 and 2019. These are the maximum statutory rates for the years at issue in this motion. See United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. The Court finds that the request for $7,157.26 is reasonable.[2]

### III.
### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for attorney fees is GRANTED and Plaintiff is awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), in the amount of **seven thousand one hundred and fifty-seven dollars and twenty-six cents ($7,157,26).** This represents compensation for legal services rendered on behalf of Plaintiff by counsel in the above-referenced civil action in accordance with 28 U.S.C. § 2412(d).

The government shall determine whether Plaintiff's EAJA attorney fees are subject to any offset. If the Department of the Treasury determines that Plaintiff does not owe a federal debt subject to offset, then the government shall cause the payment of fees approved to be made payable to Melissa Newel or Newel Law (collectively "Plaintiff's counsel") pursuant to the assignment executed by Plaintiff. Any and all payments made shall be delivered to Plaintiff's counsel.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. §406(b), subject to the provisions of the EAJA.

IT IS SO ORDERED.

Dated: **April 12, 2019**

UNITED STATES MAGISTRATE JUDGE

---

[2] 2 hours at $196.79 per hour and 33.55 hours at 201.60 per hour.